(No. 86-CC-3146—

AMERICAN FOUNDATION FOR THE BLIND, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 5, 1986.*

BROWN, HAY & STEPHENS (JOHN P. HASSIEPEN, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This claim is before the Court following the filing of a stipulation by the Respondent agreeing to an award in the full amount sought.

On May 12, 1986, the Claimant brought this claim seeking $45,280.23 for services rendered pursuant to a contract with the Respondent's Department of Rehabil-

itation Services (DORS). In its standard "lapsed appropriation" form complaint, the Claimant alleged that it demanded payment from DORS but that said demand was refused on the grounds that the funds appropriated for the payment had lapsed. Attached to the complaint was a copy of the contract. Also attached was a letter from DORS' supervisor of accounting, dated April 3, 1986, to the Claimant containing the following explanation as to why the Respondent could not make the payment:

"The attached invoice-vouchers, totaling $45,280.23, were not processed prior to the close of the fiscal year in which the commitment/obligation occurred. The appropriation for that fiscal year has lapsed; and in order to obtain payment for services rendered, it will be necessary for you to file a claim with the Court of Claims."

On June 11, 1986, the Respondent filed a stipulation stating that this was a lapsed appropriation claim and agreeing to the entry of an award based on the attached claim report compiled by DORS. The report, authorized by the same person who wrote the aforementioned letter to the Claimant, does indicate Claimant is entitled to be paid.

In the usual case involving lapsed appropriations, when an award is entered, the Court of Claims makes the payment. This is done in one of two ways. First, if the claim would have been paid, but for the lapsing of the funds, with either general revenue money or road funds and depending on the size of the award, the Court pays the award with funds appropriated to the Court for that purpose. Alternatively, if any other fund is involved or the award is large, the Court presents the award to the legislature. A bill is then passed, enacted into law upon signature by the Governor, and money is appropriated to the Court for the funds from which the claim should be paid. Upon receiving this special appropriation the

Court pays the award. This approach is proper from a fiscal and accounting perspective because it ensures that obligations are attributed to the fund from which they would have been paid.

However, we are unable to follow either of those procedures outlined above in this instance. The DORS' report, (as opposed to the letter) which pursuant to Rule 14 of the Rules of the Court of Claims is *prima facie* evidence of the facts contained therein, indicates that obligation in the case at bar would have been payable from a nonappropriated account. Therefore no appropriation lapsed. Because appropriated funds are not involved, the Court is unable to make the payment on the agreed award. The record is silent as to why DORS cannot make payment.

For the above reasons, we hereby enter a judgment in favor of the Claimant in the amount of $45,280.23, said judgment is to be paid from account number 831-48801-1900-00-99, and DORS is ordered to take whatever steps as are necessary to facilitate payment of this award.